UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/17
```

UNITED STATES OF AMERICA,

v.

KYRIN CONYERS,

Defendant.

17 CR 94 (KMW)

OPINION AND ORDER

KIMBA M. WOOD, District Judge:

Kyrin Conyers ("Defendant") has moved for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29").

Defendant's motion is denied, because sufficient, credible evidence was presented at trial to prove beyond a reasonable doubt that Defendant used and carried a firearm during, in relation to, and in furtherance of, a drug trafficking crime.

## BACKGROUND

Defendant was charged in a three-count Indictment, 17 Cr. 094 (the "Indictment"). Count One charged Defendant with distributing mixtures and substances containing a detectable amount of cocaine base on or about January 5, 2017, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C). Count Two charged Defendant with committing the same crime charged in Count One – distributing cocaine base – on or about January 9, 2017. Count Three charged Defendant with using and carrying a firearm in relation to the drug trafficking crime charged in Count Two and possessing a firearm in furtherance of the crime charged in Count Two, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2. Defendant contested only the firearm charge.

Trial against Defendant began on July 24, 2017. At the close of the Government's case, defense counsel for Defendant moved for a judgment of acquittal pursuant to Rule 29. The Court denied the Defendant's motion. (Tr. 208.[1]) On July 27, 2017, the jury returned a guilty verdict on Counts One, Two and Three. On August 18, 2017, Defendant filed the instant motion, urging the Court for a judgment of acquittal on Count Three, arguing that, even if the jury accepted New York City Police Department ("NYPD") Detective Sean Jones' testimony that Detective Jones observed Defendant with a gun during an undercover purchase of crack cocaine from Defendant, Detective Jones did not see the gun well enough, or long enough, to know that it was real gun.

## Applicable Law Regarding Rule 29 Motions

A defendant challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (quoting *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008)). A conviction must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (internal quotation marks and citation omitted; emphasis in original). The Court cannot disturb a jury's verdict unless "the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013) (internal quotation marks and citation omitted).

In considering the sufficiency of the evidence supporting a guilty verdict, the evidence must be viewed "in the light most favorable to the [G]overnment." *United States v. George*, 779 F.3d 113, 115 (2d Cir. 2015). The Court must analyze the pieces of evidence "in conjunction,

---

[1] "Tr." refers to the transcript of the trial that began on July 24, 2017.

2

not in isolation," *Persico*, 645 F.3d at 104 (quoting *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008)), and must apply the sufficiency test "to the totality of the [G]overnment's case and not to each element, as each fact may gain color from others," *Cuti*, 720 F.3d at 462 (quoting *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999)). "The Court must also credit[] every inference that the jury might have drawn in favor of the [G]overnment," because "the task of choosing among competing, permissible inferences is for the [jury], not for the reviewing court." *Id.* at 461-62 (internal quotation marks and citations omitted).

## DISCUSSION

Three days after Defendant suffered a gunshot wound, he sold an undercover officer (Detective Sean Jones) a small amount of crack cocaine in a stairwell near Defendant's apartment. Detective Jones testified at trial that during the sale, Detective Jones asked if Defendant was OK, after having been shot. Defendant responded that he was "Gucci" ("good"). According to Detective Jones, Defendant then quickly drew from his pocket what appeared to Detective Jones to be a small gun, which Defendant immediately replaced in his pocket, saying, "I'm not playing with these niggas." (Tr. 130-132, 145.) The jury was shown a video recording of the transaction, made by a video recorder positioned at Detective Jones' waist. Although the video recorder caught a shot of Defendant raising his arm at the moment the object was shown, it did not show his wrist, hand, or the object in question.

The defense argued strenuously that the mere instant during which Detective Jones saw what he thought was a gun was too brief for Detective Jones to determine whether the gun was a real one. Defendant also argues that if Detective Jones had seen a real gun, he would have called for back-up, which he did not. In addition, it is undisputed that when Defendant was stopped by

3

police while walking down a nearby street a few days later, he was not carrying a gun, and that no gun was ever retrieved.

Taking all of the evidence together, and construing it in the light most favorable to the Government, the Court concludes that a reasonable jury could have found that Defendant had a real firearm on January 9, 2017, and that he possessed that firearm during, in relation to, and in furtherance of, a drug trafficking crime. A reasonable jury could have believed that Detective Jones, a veteran detective who had worked 13 years undercover, and who had been extensively trained in identifying firearms, could quickly decide whether a gun he was shown, up close, was real. Detective Jones gave the jury a detailed description of the firearm that he observed in Defendant's hand; he stated that the gun was black, that it was a semiautomatic, and that it was small-caliber "anywhere ranging from like a .22, .25, or even a .32." (Tr. 132.) A reasonable jury could believe that testimony, notwithstanding Defendant's argument that the description was too imprecise, and notwithstanding Defendant's arguments: that Detective Jones was "primed" to see a gun; that Detective Jones did not call for back up; and that no gun was ever recovered. To hold otherwise would usurp the role of the jury. *See United States v. Truman*, 688 F.3d 129, 139 (2d Cir. 2012) ("[T]he proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the jury . . . not in a motion for a judgment of acquittal.") (internal citation and quotation marks omitted); *see also United States v. Cote*, 544 F.3d 88, 99 (2d Cir. 2008) (under Rule 29, district court "must give full play to the right of the

jury to determine credibility, and must draw all possible inferences in favor of the [G]overnment").

For these reasons, the Court denies Defendant's Rule 29 motion.

SO ORDERED.

Dated: New York, New York
October 18, 2017

*/s/ Kimba M. Wood*
THE HON. KIMBA M. WOOD
United States District Judge